### NEVILLE v. WOOLVERTON et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

CARRIERS (§ 114*) — WAREHOUSEMEN (§ 24*) — LIABILITY FOR DAMAGES TO GOODS.

In an action against a transfer company and a warehouseman for damage to goods delivered to the transfer company, consigned to the owner

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in care of the warehouseman, where the evidence showed that the warehouseman's bookkeeper gave the transfer company a receipt for the property in good condition, and the goods were subsequently found on the sidewalk in front of the warehouse in a damaged condition, recovery may be had against the warehouseman, but not against the transfer company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 608–620; Dec. Dig. § 114;* Warehousemen, Cent. Dig. §§ 11, 48, 49, 51–54; Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by George Neville against William H. Woolverton and Edward B. McNally. Judgment for the plaintiff, and defendants appeal. Reversed, and complaint dismissed, as to defendant Woolverton, and affirmed as to defendant McNally.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Hill, Lockwood, Redfield & Lydon, of New York City (Richard P. Lydon, of New York City, of counsel), for appellant Woolverton.

Moos, Prince & Nathan, of New York City (Alfred B. Nathan and Sidney J. Loeb, both of New York City, of counsel), for appellant McNally.

Dennis F. O'Brien and M. L. Malevinsky, both of New York City (Arthur F. Driscoll, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sues for damages to some theatrical properties which he delivered to the defendant Woolverton for delivery to himself (plaintiff), care of defendant McNally, who conducted a storage warehouse. The evidence shows that a receipt was given by McNally's bookkeeper to Woolverton's representative for this property "in good condition," but that it was subsequently found by plaintiff on the sidewalk in front of McNally's premises in the damaged condition complained of.

Judgment as to defendant Woolverton reversed, with costs, and complaint dismissed, with costs. Judgment as to defendant McNally affirmed, with costs. All concur.